# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM DOUGLAS, JR., | : | |
| Plaintiff, | : | Case No.  3:09cv00469 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

In December 2009 Plaintiff filed a *pro se* Complaint in this Court seeking judicial review of a final decision issued by the Commissioner of the Social Security Administration.  The Commissioner responded on February 16, 2010 by filing an Answer and a copy of the administrative transcript.  Plaintiff then had sixty days to file his Statement of Errors.  *See* Magistrate Judges' Fourth Amended General Order No. 11.

Plaintiff did not file a Statement of Errors and did not respond to a subsequent Order to Show Cause.  As a result, the undersigned issued a Report recommending that Plaintiff's Complaint be dismissed without prejudice due to his failure to prosecute.  (Doc. #10).  Two days later, Plaintiff filed Objections to the Report and Recommendation.  Consequently, the Report was withdrawn and Plaintiff was afforded additional time to file a Statement of Errors.  He did

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

not do so and did not file any response to two additional Orders to Show Cause. Plaintiff, moreover, has not taken any action in this case since filing his Objections in June 2010.

The Court finds that Plaintiff has engaged in a clear pattern of delay by not filing a Statement of Errors, by not responding to either of the two most recent Orders to Show Cause and by not taking any action in this case since June 2010. The main effect of Plaintiff's failure to comply with the Court's Order to Show cause is that the record lacks an explanation by him for his failure to file a Statement of Errors. Without such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and

2. The case be terminated on the docket of this Court.


October 26, 2010

                 s/Sharon L. Ovington
                 Sharon L. Ovington
                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6${}^{th}$ Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).